

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAR 2 4 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| IN RE: § | |
| TRANSCONTINENTAL PRODUCTS & § | |
| SERVICES, INC., § | BANKRUPTCY CASE NO. 02-03538 |
| § | |
| Debtor § | |
| § | CIVIL ACTION NO. H-04-2314 |
| § | |
| AVANTI CONSULTING, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| TRANSCONTINENTAL PRODUCTS § | |
| AND SERVICES, INC. AND § | |
| CITBANK, N.A., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

The Court has, on its own motion, invited the parties to consider whether this adversary proceeding should be remanded to the state court in which it originated. For the following reasons, the court finds and holds that the case should be **REMANDED**.

I. BACKGROUND

Avanti Consulting, Inc. ("Avanti") brought this action against Transcontinental Products and Services, Inc. and Citibank, N.A. ("Citibank") in state court. Transcontinental filed a cross-claim against Citibank. JSC Neftegas-Impex ("JSC") intervened and sued both Citibank and Transcontinental. Citibank subsequently settled with Avanti and Transcontinental. Transcontinental filed for bankruptcy in November, 2001; it will hereafter be referred to as

"Debtor."

Citibank removed the case to federal court pursuant to 28 U.S.C. § 1452(a). JSC is still pursuing its claims against Citibank and Debtor, and Citibank is holding the sum of $450,000 pending resolution of the claims by JSC against Debtor.

## II. THE ABSENCE OF A FEDERAL ISSUE

Among the claims for relief that JSC is pursuing are fraud, conspiracy, and breach of contract. None of the claims involves any issue of federal law, nor does the keenly contested issue of measurement of damages. In particular, this adversary proceeding involves no disputed issues of bankruptcy law. Citibank does point to the issue of entitlement to the $450,000 that it holds, but nothing about that issue involves anything more than law of contract, and that issue, too, can be resolved in state court.

Regrettably, in the almost three and one-half years this case has been in federal court, little has happened. There is, accordingly, no justification for asserting that federal courts can resolve the remaining state law issues any more promptly or efficiently than the state court that originally had the case where, at least, settlements were achieved.

Citibank correctly notes that it has devoted substantial resources to the case while it has been pending in federal court. The discovery and the legal research that have been performed, however, do not cease to be of value once the case returns to state court; on the contrary, all of the discovery and research would have had to be done regardless of the forum.

Other reasons also militate against retaining this case in bankruptcy court. For one, a proper jury demand has been made, and bankruptcy courts lack authority to conduct jury trials without the consent of the parties. JSC has not committed, and is certainly not required to

commit, to give such consent. Secondly, although Debtor is still a nominal party to this proceeding, the representations made to the court demonstrate that Debtor is without financial resources to respond to any judgment entered against it. As a consequence, any effect on the Debtor's estate from JSC's claims, aside from the $450,000 — which Citibank asserts Debtor is clearly not entitled to — is only theoretical.

III. CONCLUSION

This Court finds and holds that the case should be remanded and, indeed, should have been remanded long ago. The bankruptcy court need not have, and should not have, entertained Citibank's Motion for Summary Judgment on JSC's Remaining Claims, or JSC's Motion for Summary Judgment against Debtor. The bankruptcy court's Memorandum of Decision signed on May 28, 2004, is **VACATED** in its entirety. Pursuant to 28 U.S.C. § 1452 (b), this adversary proceeding is **REMANDED** to the 152nd Judicial District Court of Harris County, Texas, the court from which it was removed. Relief is **GRANTED** from the automatic stay imposed pursuant to 11 U.S.C. § 362 to allow resolution of claims asserted against Debtor in this action. All other pending motions or appeals are **DENIED AS MOOT.**

IT IS SO ORDERED.
On this 24 day of March 2005.

Keith P. Ellison
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.